NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABDULLAH MUHAMMAD, | : | |
| Petitioner, | : | **OPINION** |
| v. | : | Crim. No. 2:11-00029 (WHW) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**Walls, Senior District Judge**

Petitioner Abdullah Muhammad ("Muhammad") seeks a reduction in his sentence due to post-sentence rehabilitation efforts. Because the Court lacks jurisdiction to grant such a reduction, Muhammad's motion is denied.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 20, 2011, Muhammad pled guilty to conspiring to distribute 500 grams or more of cocaine, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(B) and in violation of 21 U.S.C. § 846. ECF No. 21. Muhammad's plea agreement contained a waiver of filing any post-conviction relief motions:

> Muhammad knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255k which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that

---

[1] Muhammad also informed the Court that its order of August 15, 2011, ECF No. 27, had not been complied with. The Court has been informed that this non-compliance was due to an oversight and that Muhammad's Presentence Investigation Report has now been corrected in accordance with the order. Should Muhammad have any further concerns regarding the Court's August 15, 2011 order, he may inform the Court of those concerns in writing.

NOT FOR PUBLICATION

>results from a total Guidelines offense level of 23. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

Plea Agreement ¶ 8 (ECF No. 23-1).

On May 4, 2011, Muhammad was sentenced to 65 months in the Bureau of Prisons. ECF No. 25. On July 29, 2013, Muhammad filed the instant motion requesting that his sentence be reduced from 65 months to 60 months for post-sentence rehabilitation efforts. ECF No. 28.

On March 25, 2014, the government filed its reply. ECF No. 29. The government makes two arguments. First, it argues that Muhammad waived his right to challenge his sentence. *Id.* at 4-7. Second, the government argues that apart from a waiver, there is no basis for the Court to grant the requested reduction in sentence. *Id.* at 2-4. The Court concludes that Muhammad has not demonstrated any basis by which the Court can grant a reduction in sentence, and for that reason denies the motion. The Court declines to address the waiver issue.

## STANDARD OF REVIEW

"Congress has generally prohibited district courts from 'modify[ing] a term of imprisonment once it has been imposed.'" *United States v. Savani*, 733 F.3d 56, 60 (3d Cir. 2013) (quoting 18 U.S.C. § 3582(c) (2006)). The Supreme Court has recognized that 18 U.S.C. § 3582(c)(2) is "a narrow exception to the rule of finality." *Dillon v. United States*, 560 U.S. 817, 827 (2010). Section 3582(c) authorizes courts to modify a sentence of imprisonment under three circumstances: "(1) when the Director of the Bureau of Prisons (BOP) moves to reduce the sentence for certain reasons, (2) when modification is permitted under Fed. R. Crim. P. 35 (to

**NOT FOR PUBLICATION**

promptly correct a clear error or to reduce the sentence for substantial assistance), and (3) when the Sentencing Commission has reduced the applicable guidelines range after the defendant was sentenced." *United States v. Jones*, 515 F. App'x 783, 784 (10th Cir. 2013) (citing § 3582(c)).

In *Pepper v. United States*, the Supreme Court recently held: "[W]hen a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." 131 S. Ct. 1229, 1241 (2011). This holding only applies to the circumstance when a defendant is being *resentenced*; it does not create another route to modifying a sentence already imposed apart from the exceptions created by Congress in section 3582(c). *See, e.g.*, *United States v. Clavielle*, 505 F. App'x 597, 598 (7th Cir. 2013) ("*Pepper* . . . does not support [a] request for a sentence reduction to account for . . . postsentencing rehabilitation.").

## DISCUSSION

Muhammad moves for the Court to reduce his sentence from 65 months to 60 months for post-sentence rehabilitation efforts. Muhammad has failed to demonstrate that he meets the requirements of 18 U.S.C. § 3582(c) or that the Court otherwise has jurisdiction to grant such a reduction.

This is clearly not a case where the Director of the Bureau of Prisons has moved for a reduction in sentence. § 3582(c)(1)(A). Nor is it one in which modification is permitted under Federal Rule of Criminal Procedure 35 to correct a clear error or upon the government's motion for substantial assistance by the defendant. § 3582(c)(1)(B). Finally, this is not a case where the applicable guideline range was reduced after Muhammad was sentenced. § 3582(c)(2). As such, none of the exceptions to the rule of finality is present.

**NOT FOR PUBLICATION**

As for the possibility that *Pepper* could allow for a sentence reduction based on post-sentence rehabilitation, the Court must agree with other courts that have rejected that argument in the years since *Pepper* was decided. *See, e.g.*, *Clavielle*, 505 F. App'x at 598; *Jones*, 515 F. App'x at 784 ("*Pepper* does not suggest that a court can resentence a defendant in the absence of an appellate decision invalidating the original sentence."); *Snell v. United States*, No. CIV.A. 10-2072 JAP, 2013 WL 4027465, at *2 (D.N.J. Aug. 7, 2013) ("While Petitioner's rehabilitation efforts are laudable, they do not entitle Petitioner to a resentencing. The *Pepper* decision does not create a right to resentencing solely on the basis of post-sentencing rehabilitation.").

The Court lacks jurisdiction to reduce Muhammad's sentence. *United States v. Bax*, 386 F. App'x 39, 41 (3d Cir. 2010) ("[T]he District Court . . . lacked authority under § 3582(c)(2) to consider Bax's rehabilitation as a ground for modifying his sentence."); *Jones*, 515 F. App'x at 784 ("[T]he district court correctly ruled that it lacked jurisdiction to reduce Defendant's sentence.").

## CONCLUSION

Muhammad's motion for a reduced sentence is denied. An appropriate order follows.

Date: April 11, 2014

**/s/ William H. Walls**
United States Senior District Judge